IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
06/05/2026
**Clerk, U.S. District Court**
**By:_JAL_Deputy Clerk**

EVERALD S. ALLEN,                                )
                                                 )
                    Petitioner,                  )
                                                 )
        v.                                       )    Case No. 26-3043-JWL
                                                 )
DOUGLAS J. CURTIS, Commandant,                   )
United States Disciplinary Barracks,             )
                                                 )
                    Respondent.                  )
                                                 )
                                                 )
_____ )

## MEMORANDUM AND ORDER

Petitioner, a military prisoner acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his convictions by court martial. For the reasons set forth below, the Court **denies** the petition.

Petitioner was convicted by military court martial of one specification of aggravated sexual assault, one specification of abusive sexual contact, and one specification of obstruction of justice. The United States Army Court of Criminal Appeals (ACCA) affirmed the convictions and petitioner's sentence, and the United States Court of Appeals for the Armed Forces (CAAF) denied review of that decision. *See United States v. Allen*, 2016 WL 1221908 (A.C.C.A. Mar. 28, 2016) (unpub. op.), *rev. denied*, 75 M.J. 404 (C.A.A.F. July 25, 2016). This Court denied a previous habeas petition filed by petitioner, and that denial was upheld on appeal. *See Allen v. Payne*, 2023 WL 4361209 (D. Kan. June 30, 2023), *aff'd*, 2023 WL 8368896 (10th Cir. Dec. 4, 2023) (unpub. op.), *cert.denied*,

144 S. Ct. 2592 (2024).  Petitioner filed his present petition on March 6, 2026; respondent has filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

By his present petition challenging his convictions, petitioner asserts a single claim alleging a *Brady* violation.  Specifically, petitioner alleges that military prosecutors failed to disclose to him prior to trial a DNA report (which report he recently discovered) in violation of his due process rights.

The Tenth Circuit recently clarified the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial.  *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir. 2023).  Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims."  *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)).  A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1.  The asserted error must be of substantial constitutional dimension. 2.  The issue must be one of law rather than of disputed fact already determined by the military tribunals.  3.  Military consideration may warrant different treatment of constitutional claims. 4.  The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)).  Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed.  *See id.*  "Putting the matter differently, petitioners' failure

2

to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858.

The Court concludes that petitioner has not shown that all four *Dodson* factors weigh in his favor, and the Court denies the petition on that basis.  With respect to the fourth factor, petitioner argues that the military courts never considered his *Brady* claim or the newly-discovered DNA report.  Under the military justice system, however, a petition for a new trial based on newly-discovered evidence must be filed within three years and is presented to the Judge Advocate General (JAG) for adjudication.  *See* 10 U.S.C. § 873; Rules for Courts Martial 1210(a).  Petitioner filed such a petition based on his discovery of the DNA report, but that filing fell outside the three-year limitations period, and thus the JAG denied the petition.  Accordingly, the military justice system did reject petitioner's claim.  Moreover, the three-year limitations period that resulted in the denial of petitioner's claim is specific to the military justice system, demonstrating that military considerations may warrant different treatment of constitutional claims based on new evidence.  Petitioner has not addressed that unique aspect of military law; thus, petitioner has not shown that the third *Dodson* factor weighs in his favor.  Finally, petitioner's *Brady* claim, which requires that the suppressed evidence be material (see below), would require a weighing of the evidence against petitioner, and thus the petition does not present a pure question of law as required by the second *Dodson* factor.  *See Paasch v. Commandant*, 2025 WL 446350, at *2 (D. Kan. Jan. 10, 2025) (Lungstrum, J.) (claim failed this factor because it required weighing of the evidence); *Davis v. Curtis*, 2024 WL 4215763, at *4 (D. Kan. Sept. 17, 2024) (Lungstrum, J.) (claim requiring a showing of prejudice raised factual issues for the

3

purpose of this factor), *aff'd*, 2025 WL 2732720 (10th Cir. Sept. 25, 2025) (unpub. op.), *cert. denied*, 2026 WL 568334 (Mar. 2, 2026); *Hazelbower v. Payne*, 2024 WL 2700676, at *2 (D. Kan. May 24, 2024) (Lungstrum, J.) (second factor was not satisfied because the required harmless error analysis involved consideration of the facts of the case); *see also Drinkert v. Payne*, 90 F.4th 1043, 1048 (10th Cir. 2024) (factor was not satisfied because the issue was not one of pure law).

Moreover, regardless of whether the Court may reach the merits of the petition under the *Dodson* test, petitioner has not shown a *Brady* violation in this case, and the petition is therefore subject to denial on that basis as well. As held by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution must disclose all evidence that favors the defendant and is material to guilt. *See United States v. Diaz*, 679 F.3d 1183, 1192 (10th Cir. 2012). The Tenth Circuit has described the *Brady* analysis as follows:

> To establish a *Brady* violation the defendant must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material. For the evidence to be material, there must be a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.

*See id.* (internal quotations and citations omitted).

Before trial, petitioner had received a DNA report, dated June 7, 2012, that indicated the following: no sperm were observed on a swab of the victim's vagina; no semen was detected on the victim's underwear; DNA was extracted from a swab of the inside crotch of the underwear; and "[n]o further DNA testing was performed on the swabbing of inside crotch of underwear [*sic*] due to an insufficient amount of male DNA detected." Petitioner had also received an undated draft investigative report that noted, with respect to the DNA

4

report, that male DNA had been found on the inside crotch of the underwear.  The new evidence on which petitioner relies is a signed investigative report, dated June 12, 2012, that includes the following statement:  "The documentation further reflected that male DNA was found on the inside crotch of [the victim's] underwear; however, it was not conclusively [petitioner's] DNA."

Respondent does not dispute that the prosecution failed to disclose and thus suppressed the June 12 investigative report.  The Court also agrees with petitioner that the document was favorable to his case, as it indicated that petitioner could not be conclusively linked to the alleged offenses through DNA evidence.  The Court concludes, however, that petitioner has failed to show that the document was material in light of the DNA report that was disclosed to petitioner before trial.  Petitioner argues that the additional statement that the DNA on the underwear "was not conclusively" petitioner's DNA, meaning that the DNA was inconclusive with respect to petitioner, would have affected the findings of the trier of fact, particularly in light of the prosecution's narrative at trial concerning the physical evidence and the prosecution's "heavy" reliance on the forensic evidence.  Petitioner has not explained those descriptions, however, nor has he summarized the prosecution's evidence and argument at trial relating to DNA evidence.  Any analysis of materiality for the purpose of evaluating the *Brady* claim would require a consideration of all such evidence.  Thus, petitioner has not shown, considering all of the evidence, that the result of the trial would have been different if he had received the June 12 investigative report.

In addition, the Court agrees with respondent that, on the face of the documents, the new statement in the June 12 investigative report does not represent a significant change in the evidence contained in the June 7 DNA report, as both essentially show that the DNA on the underwear could not be conclusively linked to petitioner. The DNA report stated, in effect, that although DNA was found on the underwear, the quantity was not sufficient to determine whether the DNA was petitioner's – meaning that although petitioner could have been the source of that DNA, that fact could not be conclusively established. The investigative report essentially said the same thing – although petitioner could have been the source of that DNA, it could not be conclusively established that petitioner was the source. The investigative report did not state why that was the case; but the report did not indicate that that DNA was in fact able to be tested, and the report explicitly relied on "documentation" from the forensic analysis of the evidence, which would have included the disclosed DNA report (which has not been withdrawn or superseded by some other DNA report). That DNA report did in fact provide the reason for the investigator's statement in the June 12 report – the amount of the sample was insufficient to establish (through testing) a conclusive link to any particular person's DNA. Thus, given the DNA report from five days earlier, the June 12 investigative report would not have added anything substantive to the evidence available to petitioner at trial, and there is no basis to believe that petitioner could have used the newly-disclosed report to argue more ably at trial that the prosecution's case was not supported by any DNA evidence.[1] For that reason

---

[1]    Petitioner has not submitted any expert evidence concerning the proper interpretation or relevance of the reports.

as well, petitioner has failed to establish the necessary materiality to support a *Brady* violation.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of June, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge