IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

07/30/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

EVERALD S. ALLEN,                                )
                                                )
                              Petitioner,        )
                                                )
        v.                                       )        Case No. 26-3043-JWL
                                                )
DOUGLAS J. CURTIS, Commandant,                   )
United States Disciplinary Barracks,             )
                                                )
                              Respondent.        )
                                                )
_____ )

## MEMORANDUM AND ORDER

This matter presently comes before the Court on the motion by petitioner, a military prisoner, for reconsideration of the Court's denial of his habeas petition (Doc. # 8). Respondent has filed a response to the motion, and the deadline for a reply from petitioner has passed; the matter is therefore ripe for ruling. For the reasons set forth below, the Court **denies** the motion.

In his habeas petition, by which he challenged his military convictions, petitioner asserted a single claim alleging a *Brady* violation with respect to an undisclosed DNA report. The Court denied the petition. *See Allen v. Curtis*, 2026 WL 1618526 (D. Kan. June 5, 2026) (Lungstrum, J.). The Court concluded that petitioner's claim did not satisfy the second, third, or fourth *Dodson* factor as required for a consideration of the merits of the claim; and it concluded that petitioner had not shown a *Brady* violation at any rate, specifically with respect to the element of materiality. *See id.*

Petitioner now seeks reconsideration of that denial pursuant to Fed. R. Civ. P. 59(e), which provides for a motion to alter or amend a judgment. *See id.* "A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024) (internal quotations omitted) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. In making such a motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See id.*

The Court concludes that petitioner has not satisfied this standard for reconsideration of the Court's prior order. The Court is not persuaded that it clearly erred in its prior opinion or that manifest injustice will result from the denial of the petition.

First, petitioner contends that the Court failed to address his argument that the new evidence supported a claim of actual innocence as a gateway to overcome any procedural bar pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995). The Court did not refuse to consider the merits of petitioner's *Brady* claim because of any procedural bar, however. Rather, it applied the *Dodson* factors – which petitioner, in his petition, conceded apply in this case – and also noted that the claim lacked substantive merit. Thus, this argument provides no basis for reconsideration of the Court's denial of the petition.

2

Second, petitioner contends that the Court erred in its analysis of the materiality element. In support, however, petitioner has merely made arguments that he did make or could have made in his petition or traverse. The Court is not persuaded that it erred in rejecting the claim on the merits. Moreover, as the Court concluded, petitioner's claim also fails because of his failure to satisfy the *Dodson* factors.

IT IS THEREFFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration (Doc. # 8) is hereby **denied**.

IT IS SO ORDERED.

Dated this 30th day of July, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

3